# EXHIBIT 1

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

ADMITTED TO RECORD

**DAVID MORGAN and**
**STEPHANIE MORGAN**

       **Plaintiffs,**

      **v.**

**MINE SAFETY APPLIANCES COMPANY, LLC;**
**3M COMPANY**
**AMERICAN OPTICAL CORPORATION;**
**CABOT CSC LLC F/K/A CABOT SAFETY**
**CORPORATION;**
**AEARO TECHNOLOGIES LLC;**
**RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.;**
**AND EASTERN STATES MINE SUPPLY CO.**

      **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2021 OCT -7  PM 2: 02

MINGO COUNTY CIRCUIT CLERK

**CIVIL ACTION NO:**

21-C-112

## COMPLAINT

COME the Plaintiffs, David Morgan and Stephanie Morgan, by counsel, and for their cause of action against the above-named Defendants, jointly and severally, state as follows:

### I. INTRODUCTION

1.      This lawsuit is filed on behalf of David Morgan (hereinafter "Plaintiff"), who worked as a coal miner within West Virginia and was exposed to substantial amounts of harmful dust because the respirators he used failed to protect him. The respirators were manufactured and sold by Defendants. As a result, Plaintiff developed complicated coal worker's pneumoconiosis. Plaintiff, Stephanie Morgan (hereinafter "Mrs. Morgan") is asserting a loss of consortium claim herein.

### II. PARTIES

2.      Plaintiffs, David and Stephanie Morgan are residents of the State of West Virginia that live in Hurricane, West Virginia. Plaintiff learned that the respirators he wore were defective and a contributing cause to his CWP within the few months before filing this complaint. Further, the Plaintiff first learned he had coal worker's pneumoconiosis within the last two years.

3.      Stephanie Morgan is the wife of Plaintiff and asserts a loss of consortium claim herein.

4.      Defendant, **Mine Safety Appliances Company, LLC** (MSA) is a corporation duly organized and existing under the laws of the State of Pennsylvania with its principal place of

business at 1000 Cranberry Woods Drive, Cranberry Township, Pennsylvania 16066. MSA has and continues to do business in West Virginia. The agent for service of process for Mine Safety Appliances Company is CT Corporation System, 1627 Quarrier St, Charleston, West Virginia 25311-2124.

5.      Defendant **3M Company** (3M) is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Minnesota. 3M has and continues to do business in West Virginia. The agent for service of process of 3M Company is Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302.

6.      Defendant **American Optical Corporation** (AO) is a foreign corporation with its principal place of business in Massachusetts. AO did business in West Virginia. AO may be served with process by serving Jeffrey A. Healey, Tucker Ellis, LLP, 950 Main Avenue, Suite 1100, Cleveland, Ohio 44113.

7.      Defendant **Cabot CSC LLC F/K/A Cabot Safety Corporation** (Cabot) is a foreign corporation located in Delaware. Cabot did business in West Virginia. Cabot may be served with process by serving its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

8.      Defendant **Aearo Technologies LLC** (Aearo) is a foreign corporation whose current principal place of business is Minnesota. Aearo has and continues to do business in West Virginia. Aearo may be served with process by serving its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

9.      Defendant **Raleigh Mine and Industrial Supply, Inc.**, (Raleigh Mine) is a corporation duly organized and existing under the laws of West Virginia with its principal place of business at 1500 Mill Creek Road, Mount Hope, West Virginia 25880. The agent for service of process for Raleigh Mine and Industrial Supply, Inc. is Judith A. Richardson, P.O. Box 72, Mount Hope, West Virginia 25880.

10.     Defendant **Eastern States Mine Supply Company** (Eastern States) is a wholly owned subsidiary of Raleigh Mine and Industrial Supply and is a corporation duly organized and existing under the laws of the State of West Virginia with its principal place of business at 2816 Spruce River Road, Madison, West Virginia 25130. The agent for service of process is Donna Zandlo, 106 Riverview Lane, Beckley, West Virginia 25801.

### III. JURISDICTION

11.     Plaintiffs' claims are brought solely under West Virginia law and Plaintiffs state that they do not bring any claims and disclaim any and all claims under federal laws, statutes or regulations.

12.    The damages sustained by the Plaintiffs are in excess of the minimum jurisdictional limits of this Court.

13.    Defendants are all corporations or other business entities which have been and/or are now manufacturing, selling, distributing, supplying, or otherwise placing in the stream of commerce respirators, dust masks, or other respiratory protection; this Court has personal jurisdiction over all out of state Defendants under W. Va. Code §56-6-33 (Long Arm Statute) and W. Va. Code §31-1-15 as these Defendants have transacted business in this State and supplied their products and committed a tort within the State of West Virginia.

## IV. VENUE

14.    The Court has venue of this action in that the Plaintiff used respirators manufactured, sold, distributed and/or supplied by the Defendants in Boone County, West Virginia and surrounding areas, and sustained injury as a result thereof.

## V. FACTS

15.    Plaintiff, worked as a coal miner from approximately 1982 until 2018 at the following locations and positions (the dates of employment are approximate if known):

a.    1982 to 2003 for Marrowbone Development Company in Mingo County – general laborer, shuttle car operator, continuous miner operator, scoop operator, fire boss.

b.    2003 to 2018 for Kanawha Eagle in Boone County – continuous miner operator, shuttle car operator, fire boss, electrician, hoist operator.

16.    During the course of his mining career, Plaintiff used respirators manufactured and sold by Defendants for protection against harmful dust. Plaintiff used Defendants' respirators in their intended manner.

17.    Defendants, Mine Safety Appliances, LLC (MSA), 3M Company (3M), American Optical Corporation (AO), Cabot CSC LLC (Cabot), and Aearo Technologies LLC (Aearo) manufactured, distributed, supplied, and sold the respirators used by Plaintiff. Plaintiff used the MSA Dustfoe 66 and MSA Dustfoe 77; 3M 8710 and 3M 8210; and AO, Cabot, Aearo R2090N respirators. Raleigh Mine and Industrial Supply, Inc. and Eastern States Mine Supply Co., sold the Defendants' respirators to Plaintiff's employers, who, in turn, provided them to Plaintiff for use in the mines.

18.    The respirators used by Plaintiff and manufactured, sold, and distributed by the Defendants were subjected to normal use and remained, in all material respects, in the same condition as at the time of sale.

19.    The Defendants' respirators used by Plaintiff leaked substantial amounts of harmful dust into his breathing zone. The defects causing the leakage were hidden, and the dust leaking

3

through the Defendants' respirators was so small (submicron in size), it was undetectable by the human senses including Plaintiff's. Thus, Plaintiff was not aware of the harmful dust leaking through Defendants' respirators nor of the causal connection between his respirators and his disease; rather, he believed that the Defendants' respirators were protecting his lungs from the harmful dust in the mines. Plaintiff only discovered that the respirators he used may have been a cause of his disease within two years of filing this Complaint.

20.     MSA manufactured, sold, marketed, and distributed the MSA Dustfoe 66 representing that it was a federally certified mask when, in fact, it did not meet the federal certification requirements. Under the National Institute of Occupational Health ("NIOSH") certification regulations, MSA was obligated to obtain and/or cause to be maintained its certification in accordance with the drawings and specifications upon which its certificate of approval was based. *See,* 30 C.F.R. § 11.33 (f) (1972-1998). The evidence will show that MSA failed to meet its certification requirements for the MSA in one, or more, of the following particulars:

a.      From at least 1974 to 2014, MSA manufactured, sold, marketed, and distributed the MSA Dustfoe 66 representing that the mask was approved and certified by the U.S. Bureau of Mines under Schedule 21B. Under federal NIOSH approval regulations, the NIOSH approval for this version of the Dustfoe 66 expired on March 31, 1976. *See,* 30 C.F.R. 11.2 (b) (1972-1998). Despite this expiration, MSA continued to manufacture, sell, market, and distribute the 21B version of the Dustfoe 66, holding it out as an approved mask by the United States Bureau of Mines after March 31, 1976. MSA continued to follow the engineering drawings for the 21B Dustfoe even after expiration of the certification of this mask on March 31, 1976. MSA continued to follow drawing "B995860" for the packaging of the Dustfoe 66 which stated the following: "This respirator manufactured in accordance with U.S. Bureau of Mines, Schedule 21B." This packaging revealed that the 21B Dustfoe 66 continued to be sold and manufactured by MSA for many decades after its certification expired. Accordingly, the statement reflected on the MSA packaging that the respirator was certified by the U.S. Bureau of Mines under 21B was false and misleading, in the following particulars: (1) the 21B certification expired on March 31, 1976, and (2) the U.S. Bureau of Mines was not responsible for approval of respirators after 1972. These misrepresentations by MSA constituted a mischaracterization of the qualities and performance characteristics of the Dustfoe 66 leading consumers to believe that the respirator was approved for use in mines when, in fact, it was not.

b.      The MSA Dustfoe also received a NIOSH certification for a respirator, identified as a 21C respirator, with replaceable filters designed against dusts having an air contamination level not less than .05 milligram per cubic meter of air, including but not limited to coal. *See,* 30 C.F.R. §11.130 (a) (1972-1998). Under subpart K of this regulation, a respirator, in its final manufactured configuration, was to be tested in order to meet the requirements of the federal silica dust test as specified by 30 C.F.R. §§ 11.140-4; 11.140-9 and 11.140-10 (1972-1998). This required

MSA to test the final configuration of the respirator against these regulatory requirements to obtain approval and certification. MSA was also required to manufacture this approved mask in the same configuration as the masks that were submitted and tested by NIOSH. MSA quality control records do not reflect that, over a twenty-two year period (1976-1998), the MSA Dustfoe 66 was ever tested in its final configuration against the requirements of subpart K. Alternatively, if the mask was tested, the sample of testing was so small that MSA would be unable to determine if the Dustfoe 66 was, in fact, in compliance with 30 C.F.R. part 11, Subpart K. Accordingly, MSA held the mask out to be one that was approved and certified even though their own quality control program failed to perform the proper testing to assure that the Dustfoe 66 was performing in accordance with the specifications upon which the NIOSH certificate of approval was based.

21.    As a consequence of the above enumerated conduct, the MSA Dustfoe 66 was unable to provide effective respiratory protection because these masks did not meet the minimum performance requirements prescribed by NIOSH. Additionally, the evidence will show that the respirators were improperly designed including, but not limited to, the following particulars:

a.    In designing and manufacturing a respirator which failed to allow the user to perform a proper fit test and/or fit check on the respirator as prescribed by the American National Standards Institute (ANSI) Standard for Respiratory Protection as prescribed by ANSI Z88.2;

b.    In designing and manufacturing filter material for the Dustfoe 66 which lost the ability to provide effective filtration when exposed to environments of high humidity, like a coal mine;

c.    In designing and manufacturing a face piece for the Dustfoe 66 which allowed for leakage between the face cushion and the metal respirator body;

d.    In designing and manufacturing exhalation valves for the Dustfoe 66 which would allow back leakage;

e.    In designing and manufacturing exhalation valves for the Dustfoe 66 which did not provide for protection of the exhalation valves from normal wear and tear.

22.    Plaintiff has developed coal worker's pneumoconiosis. His lung disease was caused by the hidden defects in and the inadequate warnings provided with the Defendants' respirators.

23.    The AO/Cabot/Aearo (AO-C-A) quarter mask respirators were first approved as a Bureau of Mines certified respirator under Schedule 21B in 1974 and was later approved as a 21C respirator in 1975. However, despite receiving these approvals, these respirators were never once tested in a coal mine to determine if the respirators could, in fact, provide adequate respiratory

protection. AO-C-A utilized electrostatically charged wool and/or synthetic blended filters and/or mechanical wool and/or synthetic filters for the use in the respirator. By 1965, it was widely known among authorities for respirator filtration that these types of filters would substantially degrade when exposed to high humidity. The evidence will show that underground coal mines operate in very high humid conditions. Notwithstanding that Aearo never tested a respirator in a coal mine, this Defendant also failed to test the respirator in any environment with high humidity to determine the performance characteristics of the filter.

a.   By 1978, independent government sponsored studies performed testing on electrostatically charged felt and mechanical filters and concluded that use of electrostatically charged synthetic and/or wool filters in high humid environments showed a significant increase in dust penetration. Independent third-party studies performed by the Los Alamos Scientific Laboratory, at the request of NIOSH confirmed, degradation of these type of filters in high humidity environments causing respirator leakage. Aearo was directly informed of these findings. Despite gaining knowledge from respected independent testing authorities, Aearo took no affirmative action to discount the conclusions relating to the scientifically valid studies demonstrating filtration deficiencies and continued to sell the respirator with knowledge of these performance deficiencies relating to the filters. Aearo failed to disclose these deficiencies to any of its customers or users.

b.   Despite the general acceptance in the scientific community that electrostatically charged wool and/or synthetic, as well as non-charged mechanical filters, rapidly degrade when used in high humid environments, Aearo continued to sell this respirator without ever even attempting to test its filter in a high humidity setting to confirm or refute the findings of the Los Alamos Scientific Laboratories. Consequently, the filtration of the respirator was defective because the filter would leak in high humid environments.

24.   The evidence will show that the 3M 8710 and 3M 8210 were never designed to meet the legal requirements, nor was the respirator capable of meeting the legal requirements, for use around any operation where workers were exposed to pneumoconiosis producing dusts, including silica dust. More specifically, these respirators/dust masks were never capable of complying with the requirements of the Occupational Safety Health Act 29 C.F.R. 1910.134(e)(5) because a face-piece-to-face fit was impossible to perform based on the design of the respirator/dust mask. Despite the regulation requiring a face-piece-to-face fit check from at least 1972 to 1998, the Defendants sold and marketed these respirators/dust masks knowing that these respirators/dust masks could not comply with the fit check and fit test requirements under 29 C.F.R. 1910.134(e)(5). Defendants knew these respirators/dust masks could not comply with the OSHA regulations; yet, the Defendants intentionally and knowingly refused to inform purchasers of this equipment that the respirators/dust masks could not comply with 29 CF.R. 1910.134(e)(5). The Defendants refused to inform purchasers that the American National Standards Institute, a national consensus organization of manufacturers and safety experts, had declared that testing the fit of these type of respirators/dust masks with a proper face seal was "impossible" to perform. Despite the declaration from this well respected and nationally recognized organization of which the Defendants are members, the Defendants continued to sell these respirators/dust masks

6

knowing that they could not be checked for fit and they could not comply with federal law. Furthermore, while persons like Plaintiff used the 3M 8710/8210, federal regulations additionally required that a fit test be periodically performed on the respirator to determine proper fit. This fit test required that the mask be tested in a test atmosphere. However, no such suitable test agent was available for the 3M 8710/8210 therefore making it impossible for employers to comply with the fit test requirement required by 29 C.F.R. § 1910.134(e)(5).

a.  Such inability to test the fit of these disposable respirators/dust masks pursuant to the requirements of 29 C.F.R. § 1910.134 (e)(5) made these products unreasonably dangerous yet the Defendants continued to sell these products knowing that they created an unreasonable danger and could not comply with the requirements of this regulation. This failure to disclose was intentional and willful and carried out by vice principals of the Defendants responsible for the sale and design of these respirators/dust masks because disclosure of such information would have resulted in the inability to sell respirators/dust masks to the public for the use which they were intended. Therefore, the Defendants knowingly, intentionally, and willfully continued to sell these respirators/dust masks in their dangerous condition knowing that they were unreasonably dangerous and unsafe. The Defendants continued to do so with ill will in order to continue the sale of these products and preserve its market share of these products, which it otherwise would have been unable to sell. Such conduct warrants the imposition of punitive and/or exemplary damages pursuant to West Virginia law.

b.  The evidence will also show that the 3M 8710 and/or 3M 8210 did not meet the federal regulatory requirements for certification for use around this type of dust pursuant to 30 C.F.R. § 11.140-5 (1972-98), a test referred to as the silica dust breathing machine test. 3M's own internal testing revealed that in any given year of Plaintiff's use, approximately 90 to 100% of the respirators sold to the consuming public failed to comply with this certification testing provision or that in any given year 3M failed to properly perform quality control testing. Under 3M Company's quality control program, 3M Company implemented a silica audit testing program which utilized the silica dust breathing machine test, which was the test applied by NIOSH in certifying and approving the 3M 8710 and 8210. This silica audit testing program was implemented by adoption of 3M Test Methods 1040 and 2072, which were intended to test the mask under the same requirements as mandated by the NIOSH silica dust breathing machine. However, during the entire life of the implementation of the 3M quality control program, through these Test Methods, the majority, if not all, of the 3M 8710 and 8210 masks manufactured failed to pass this quality control test.

c.  Consequently, 3M violated the quality control requirements of 30 C.F.R. § 11.41 and § 11.43 because the defects revealed by 3M's own certification testing were classified as Major A defects. Under the regulation, Major A defects are defined as those that are "likely to result in failure to the degree that the respirator does not provide any respiratory protection or a defect that reduces protection and is not detectable by the user." 30 C.F.R. § 11.41 (d)(2) (1972-98). Furthermore, 3M was

advised by NIOSH through written correspondence in April 1975 that these Major A defects existed as a result of an independent audit of 3M masks undertaken by NIOSH. Despite being placed on notice by NIOSH of these defects and having actual knowledge of these defects by virtue of 3M's own internal quality control testing, 3M continued to sell the 3M 8710 and 3M 8210. Consequently, 3M violated federal regulations by failing to follow the quality control requirements under 30 C.F.R. § 11.41 (d)(2) and § 11.42 (c) which required 3M to voluntarily remove its NIOSH certification if it could not comply with the NIOSH certification requirements. NIOSH regulations further prescribed the following:

> The use of any MESA and Institute approval label obligates the applicant to whom it is issued to maintain or cause to be maintained the approved quality control sampling schedule and the acceptable quality level for each characteristic tested, and to assure that it is manufactured according to the drawings and specification upon which the certificate of approval is based.

30 C.F.R. § 11.33 (f) (1972-1998). NIOSH regulations required 3M company to manufacture masks with a quality control plan that could verify that the respirator met the requirements under which they were certified. 3M Company failed to properly implement and maintain a quality control program pertaining to the characteristics of the 3M 8710 and 8210 which were classified as Major A defects. 3M Company failed to correct the quality control failures of the 3M 8710 and/or 8210 or, in the alternative, remove the NIOSH certification label from the respirator packaging as required by NIOSH regulation. 3M Company continued to manufacture, distribute and sell these respirators even though these masks did not adhere to NIOSH certification requirements.

## VI. CAUSES OF ACTION

### COUNT ONE – STRICT LIABILITY CLAIM AGAINST DEFENDANTS

25.     Plaintiff adopts by reference the allegations contained and set forth above.

26.     West Virginia law provides that manufacturers (MSA, 3M, AO, Cabot, and Aearo) and distributors (Raleigh Mine and Eastern States) be held strictly liable when they place into the stream of commerce a product that is not reasonably safe for its intended use, and the unsafe product is a cause of harm to the Plaintiff.

27.     Defendants are strictly liable in tort to the Plaintiff because they sold and distributed defective products; namely, the Defendants' respirators used by Plaintiff. Plaintiff will prove that the Defendants' respirators were not reasonably safe for their intended and foreseeable use for one or more of the following reasons:

a.     When used in coal mining conditions, the respirators leaked substantial amounts of harmful dust into the breathing zone of the Plaintiff, including

through the filter of the respirators and around the face seal of the respirators;

b.     The defect in the respirators causing the leakage was not detectable by Plaintiff and was not obvious in nature;

c.     The harmful dust leaking through the respirators and into Plaintiff's breathing zone was not detectable by the human senses because it was too small in size and is odorless;

d.     Defendants failed to provide any type of warning of the hidden leakage problem;

e.     A reasonably prudent manufacturer would not have manufactured, sold and distributed respirators with this hidden defect and with inadequate warnings in the relevant time frame. This is particularly true because a respirator is a safety product on which miners rely to protect themselves and their health;

f.     Defendants, and other respirator manufacturers sold, in the relevant time frame, other types of dust respirators that did not substantially leak harmful dust when used in coal mining operations;

g.     At all material times, Plaintiff used Defendants' respirators in their intended manner.

28.     The MSA Dustfoe 66 was unreasonably dangerous in the following non-exclusive manners: the exhalation valves were defective; the mask would not properly seal to the face; it was difficult or impossible to perform a proper fit check; they were designed to leak; the filters were defective in that humidity caused them to lose their electrostatic charge; the two-point strap system was defective; and other defective designs to be proven throughout the litigation of this case. Due to the defective nature of the MSA respirators the Plaintiff was unknowingly exposed to harmful dust resulting in him being diagnosed with complicated coal worker's pneumoconiosis.

29.     3M Company manufactured, marketed, and sold the 3M 8710 from 1972 until the late 1990's. The 8710 was the first NIOSH approved single use filtering facepiece respirator. The 8710 was replaced by the 3M 8210 which is still sold today. 3M sold other similar disposable filtering facepiece respirators with essentially the same design. The 8710, 8210, and other 3M filtering facepiece respirators are inferior to the products they were designed to compete against, elastomeric respirators which had been the industry standard for decades prior to 1972. 3M knew of many design defects in the 8710, 8210, and other 3M filtering facepiece respirators throughout their existence including, but not limited to: lack of exhalation and inhalation valves; lack of foam face seal; lack of adjustable straps; metal nose piece would relax after fitting; inability to perform a fit test until some time after 1982; inability to perform a fit check/user seal check; inability to obtain a proper face seal; filter media was defective; failure to comply with NIOSH testing standards; undetectable faceseal leakage; and other ways to be proven through the litigation of this

9

case. 3M made false and/or misleading statements to NIOSH regarding 3M's testing of respirators which voided 3M's NIOSH approval. The 8710 was unable to pass 3M's quality control tests and this information was never given to NIOSH which also voided the certification of the 8710. The 8710 could not meet the breathing resistance requirements of the federal regulations. 3M was aware of these defects and failed to correct the defects and/or inform users of these known defects. The defects, including manufacturing defects, present in the 8710 resulted in Plaintiff being exposed to occupational dust and causing his complicated coal worker's pneumoconiosis.

30.     The AO, Cabot, and Aearo quarter mask respirators were unreasonably dangerous in the following non-exclusive manners: would not adequately seal to face; the two-point strap system was defective; would not properly filter deadly dusts; filters would lose efficiency in high humidity conditions; and other defective designs to be proven through the litigation of this case. Due to the defective nature of the 2090 type respirators the Plaintiff was unknowingly exposed to harmful dust resulting in him being diagnosed with complicated coal worker's pneumoconiosis.

31.     Based on the foregoing, the Defendants have breached the implied warranty of fitness because the respirators they placed into the stream of commerce were defective and not reasonably suitable, safe, or fit for the purposes for which they were sold. Implicit in the respirators' presence on the market was the representation by the manufacturers and sellers that the respirators would safely perform the functions for which they were constructed. (Breach of Implied Warranty Claim).

32.     As a direct and proximate result of the defective and unsafe respirators manufactured, distributed and sold by Defendants, Plaintiff has suffered serious bodily harm and/or damages.

## COUNT TWO – NEGLIGENCE CLAIM AGAINST DEFENDANTS

33.     Plaintiff adopts by reference the allegations contained and set forth above.

34.     Defendants are liable to the Plaintiff for negligence in one or more of the nonexclusive respects, which negligence was a direct and proximate cause of the harm and injuries suffered by the Plaintiff.

35.     Despite Defendants' actual or constructive knowledge that the respirators posed an unreasonable risk of harm, Defendants:

    a      failed to provide adequate warning and/or instruction with regard to the respirators;

    b      failed to provide proper fitting instructions;

    c      either ignored the results of filtering and quality control tests performed they

10

performed, or failed to perform adequate filtering tests on said respirators before they were placed in the stream of commerce;

d.    failed to properly design their respirators;

e.    failed to adequately monitor and/or test or prescribe monitoring and/or tests for persons who handled or worked with its respirators;

f.    failed to accompany their respirators with adequate warnings of their dangerous propensities;

g.    knew, or with the exercise of reasonable care, should have known that the respirators contained a filter which was not adequate to repel silica dust or prevent Plaintiff from breathing silica dust;

h.    failed to implement or enforce a valid quality control program to insure that the respirators were manufactured in compliance with federal certification regulations; and

i.    failed to manufacture a respirator which complied with federal certification regulations causing the respirator to have defects resulting in failure to a degree that the respirator does not provide any respiratory protection and that the defect reduced protection and is not detectable by the user.

36.    Defendants knew or should have known that the respirators used by Plaintiff would not effectively protect coal miners, such as the Plaintiff, from inhalation of harmful dust particles. Specifically, based on their own testing and information and testing performed by others, Defendants knew or should have known that the filter and the respirator face seal would leak substantial amounts of harmful dust when used in coal mining operations. Defendants should have corrected the leakage problem or prohibited the use of these respirators in coal mining operations.

37.    Defendants should have warned of the hidden dangers and limitations in the respirators when used in coal mines. Defendants were negligent in failing to do so.

38.    Defendants knew or should have known that despite the defects described above, the respirators could meet the minimal governmental approval standards. Further, Defendants knew or should have known, that the respirators used by Plaintiff could pass the minimal government approval test yet still fail to provide adequate respiratory protection to the user. Defendant concealed and failed to disclose to the public at large, and the purchasers and users of their respirators, the fact that government approval did not mean that the respirators protected the worker in the field. Instead, Defendants engaged in using the governmental approval as a cover for selling respirators which they knew, or should have known, were defective and ineffective.

11

39.    The acts and omissions of Defendants described above constitute negligence in that there has been a failure to utilize reasonable care under the circumstances.  As a direct and proximate result of the negligence of Defendants as set forth above, the Plaintiff has sustained bodily harm and/or damages.

### COUNT THREE – NEGLIGENCE *PER SE* (MSA, 3M, AO, CABOT, AEARO)

40.    Plaintiff adopts by reference the allegations contained and set forth above.

41.    Plaintiff would also plead negligence *per se* and show that the Defendants MSA, AO, Cabot, and Aearo violated the following provisions of federal law and federal regulations: (1) 30 U.S.C. § 820 (f) & (h) by falsely representing that their respirators were in compliance with federal certification regulations when the respirators failed to comply with these regulations; and (2) 30 C.F.R. part 11, including sections 11.140-10.  Plaintiff would further show that these laws and regulations were intended to protect the class of persons working in mining and/or silica dust producing operations and that Plaintiff is within this class of persons. Accordingly, these Defendants are liable under the doctrine of negligence *per se*.

42.    Plaintiff would also plead negligence *per se* and show that the Defendant 3M Company violated the following provisions of federal law and federal regulations: 1) 30 U.S.C. § 820 (f) & (h) by falsely representing that their respirators were in compliance with federal certification regulations when the respirator failed to comply with these regulations, 2) 30 C.F.R. part 11, including sections 11.33, 11.40, 11.41, 11.42, 11.43, 11.140-4, 11.140-5 and 11.140-9. Plaintiff would further show that these laws and regulations were intended to protect the class of persons working in mining and/or silica dust producing operations and that Plaintiff is within this class of persons.  Accordingly, 3M Company is liable under the doctrine of negligence *per se*.

### COUNT FOUR -- FRAUD AGAINST MSA AND 3M

43.    Plaintiff adopts by reference the allegation contained and set forth above.

44.    As a consequence of the conduct which has been pled, with particularity, the Defendant MSA is guilty of fraud.  MSA sold the Dustfoe 66 representing it was a mask that was government approved, when, in fact, this mask did not have such an approval. The Dustfoe 66 did not have such an approval because: (1) this respirator was sold as a 21B "Bureau of Mines" approved respirator when, in fact, 21B certification expired on March 31, 1976, or (2) this mask was sold as a "NIOSH" approved respirator when, in fact, MSA failed to perform the silica dust test on the final configuration of the mask to confirm that the Dustfoe 66 performed in a manner that was consistent with its certification. These deficiencies caused MSA to manufacture, market, sell, and distribute a respirator representing that the mask had qualities and performance characteristics relating to its status as a federally approved respirator, in fact, it was not a federally approved respirator.  The evidence will show that MSA's representations relating to the Dustfoe 66 status as a federally approved respirator were false statements.

45.     MSA's false statements which held out that the Dustfoe 66 was an approved respirator when, in fact, it was not were material misrepresentations.   MSA's misleading statements that the Dustfoe 66 satisfied federal approval regulations were material representations because, under the Mine Safety and Health Act, coal mining employers were only permitted to purchase NIOSH approved respirators for use in the mines. *See* 30 C.F.R. § 72.700 (1972-1998) (requiring only NIOSH approved respirators to be used in a mine).   Accordingly, MSA's misrepresentations regarding the federal certification and approval of the Dustfoe 66 were materially misleading to coal mine employers and employees.

46.     The evidence will show that MSA's continued practice of selling an expired 21B respirator and/or an untested respirator was made with knowledge of its falsity.   Manufacturing records from MSA reveal that MSA engineers approved drawings of the 21B respirator after expiration of the 21B regulation.   MSA's quality control plan also illustrates that MSA failed to test the Dustfoe 66, in its final configuration, in accordance with the silica dust test.   This evidence demonstrates that MSA had actual knowledge that it was selling an uncertified respirator and falsely representing that the respirator was certified, when in fact, it was not.   The internal records from MSA further reveal that by approving the production of an uncertified Dustfoe 66 and placing this product into the stream of commerce, MSA intended to deceive users like Plaintiff that he was using a certified respirator, when he was not.

47.     The evidence will further show that, based upon the testimony of safety representatives of the Plaintiff's employers, Plaintiff's employers and the Plaintiff both relied upon the representation that the MSA Dustfoe 66 was certified, when, in fact, it was not.   This reliance was based upon the Mine Safety and Health Administration requirement that only certified respirators be used in a mine.   Both the Plaintiff and his employers reasonably relied upon the false representation made by MSA that the Dustfoe 66 was a certified respirator.   Furthermore, MSA had a duty to disclose that the MSA Dustfoe 66 was not a certified respirator because it affirmatively marketed this respirator to the coal mining industry.

48.     MSA is therefore guilty of fraud which proximately caused the Plaintiff's injuries.

49.     The evidence will show further that 3M knowingly made representations that the 3M 8710 was approved by the National Institute for Occupational Safety and Health ("NIOSH") and met the approval requirements pursuant to the statutory requirements embodied in 30 C.F.R. Part 11 of the Federal Regulations.   The evidence will show that despite making these representations and including such representations on all packaging and marketing literature, the representations were untrue.   The evidence will further show that the 3M 8710 failed to meet NIOSH certification requirements and specifications.   The respirator was sold to the public with full knowledge by 3M that the respirator could not and did not meet the NIOSH approval regulations.   Such conduct constituted false representations and concealments with the intent to induce Plaintiff's employer into purchasing the 3M 8710.

50.     The evidence will also show that the representations set forth in the preceding paragraphs concerned material facts.   Plaintiff's employer would not have endeavored to purchase the 3M 8710 if the Plaintiff's employer had known that the mask did not meet or exceed

13

government certification requirements. This representation was relied upon by Plaintiff's employer resulting in substantial injuries and damages to Plaintiff. In this connection, Plaintiff further alleges that the Defendant 3M purported to have and did have superior knowledge concerning the subject matter of the transaction described above, and Plaintiff and his employer justifiably relied on Defendant's superior knowledge. The above foregoing action taken by 3M constitutes fraud which proximately caused Plaintiff's injuries and damages.

51.     3M's conduct was done with conscious disregard for the safety of Plaintiff and others, justifying an award of punitive damages.

## COUNT FIVE -- PUNITIVE DAMAGES
## AGAINST MSA, 3M, AO, CABOT, AND AEARO

52.     Plaintiff adopts by reference the allegations contained and set forth above.

53.     Defendants had actual knowledge that the type of respirators used by Plaintiff substantially leaked harmful, undetectable dust into the breathing zone of the wearer, when used in conditions commonly found in coal mining. Further, Defendants knew that the inhalation of such dust could cause serious, progressive lung disease. Nevertheless, Defendants specifically marketed the respirators as being safe and effective for use by coal miners.

54.     Defendants should have warned that the type of respirators worn by Plaintiff were not appropriate for use in coal mining operations. Nothing prevented Defendants from taking such action.

55.     Defendants are subject to a punitive damage award because they acted with gross fraud, malice, oppression or wanton, willful or reckless conduct towards the health and safety of the user of their respirators, here the Plaintiff. Further, the Defendants did not recall their respirators at any time nor ever warn of the hidden defects.

56.     The suppression of information and misrepresentations by Defendants was motivated by their desire to obtain an unjust economic advantage, including maximizing sales and profits from the sale of the products at the expense of the health of coal miners, including the Plaintiff.

57.     The aforesaid actions of Defendants constitute malicious willful and wanton conduct and gross negligence and demonstrate a complete disregard and indifference to the safety of the Plaintiff. As a result, Plaintiff seeks punitive damages against Defendants.

## COUNT SIX -- LOSS OF CONSORTIUM OF STEPHANIE MORGAN

58.     Plaintiffs adopt by reference the allegations contained and set forth above.

59.     Plaintiff, Stephanie Morgan, is the wife of Plaintiff, David Morgan.

14

60.     As a direct and proximate result of the aforementioned strict liability, negligence, negligence per se, and gross negligence, Mrs. Morgan has suffered substantial mental distress and anguish.

61.     Further, Mrs. Morgan, is entitled to recover damages for the loss of affection, care, society, companionship, and consortium of her husband.

## VII. DAMAGES

62.     Plaintiffs adopt by reference the allegations contained and set forth above.

63.     Plaintiffs have sustained substantial damages as a result of the Defendants' defective products and conduct as described above.  Mr. Morgan's damages include, but are not limited to, severe and permanent injuries; medical, hospital, and other healthcare costs (past, present and future); physical pain and suffering (past, present and future); emotional distress and mental anguish (past, present and future); loss of ability to enjoy life (past, present and future); lost wages, earning capacity and other economic losses (past, present and future); and punitive damages.  Mrs. Marcum has suffered a loss of consortium.

64.     Defendants are jointly and severally liable for the damages herein as they are strictly liable for the manufacture and sale of defective products, the respirators used by Plaintiff.

## VIII. PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against the Defendants jointly and severally, as follows:

1.      For compensatory damages in an amount that is fair and reasonable as shown by the evidence;

2.      For punitive damages against MSA, 3M, AO, Cabot, and Aearo in an amount that is fair and reasonable as shown by the evidence;

3.      For Plaintiffs' costs herein expended;

4.      For prejudgment and post judgment interest until paid; and

5.      For all further relief to which Plaintiffs are entitled.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Respectfully submitted,

15

DAVID MORGAN and wife,
STEPHANIE MORGAN,

BY COUNSEL

Ashley N. Lynch (WVSB #11714)
Guy R. Bucci (WVSB #0521)
214 Capitol Street
Charleston, West Virginia  25301
(304) 346-5500
alynch@handl.com

Johnny Givens (WVSB #13949)
GIVENS LAW FIRM, PLLC
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi  39157
(601) 300-2009
(601) 651-3948
johnny@givens-law.com

Michael B. Martin
Texas Bar No.: 13094400
Kentucky Bar No. 96907
699 S. Friendswood Drive, Suite 107
Houston, Texas 77546-4580
(713) 773-2035
(832) 559-0878 (facsimile)
mmartin@martinwaltonlaw.com

Zane Cagle
MO #53775
Fed. #499604
500 North Broadway, Suite 1605
St. Louis, Missouri  63102
(314) 241-1700
(314) 241-1738 (fax)
E-Mail:  zane@caglellc.com

16



**IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA**

DAVID MORGAN and )
STEPHANIE MORGAN )
)
Plaintiffs, )
)
v. )                                   CIVIL ACTION NO:
)
MINE SAFETY APPLIANCES COMPANY, LLC; )    21-C-112
3M COMPANY; )
AMERICAN OPTICAL CORPORATION; )           Miki Thompson
CABOT CSC LLC F/K/A CABOT SAFETY )        JUDGE
CORPORATION; )
AEARO TECHNOLOGIES LLC; )
RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.; )
AND EASTERN STATES MINE SUPPLY CO. )
)
Defendants. )
)

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

Mine Safety Appliances Company, LLC
**Agent for Process:**
CT Corporation
1627 Quarrier Street
Charleston, WV 25311-2124

**IN THE NAME OF THE STATE OF WEST VIRGINIA:**

You are hereby summoned and required to serve upon, Ashley Lynch, Plaintiffs' attorney, whose address is Post Office Box 11070, Charleston, WV 25339, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default, upon proper hearing or trial, may be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim, cross complaint or defense you may have which must be asserted in the above styled civil action.

Dated: 10/7/21

_____
CLERK OF COURT

17

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

DAVID MORGAN and                                 )
STEPHANIE MORGAN                                 )
                                                 )
            Plaintiffs,                          )
                                                 )
      v.                                         )      CIVIL ACTION NO:
                                                 )
                                                 )      21-C-112
MINE SAFETY APPLIANCES COMPANY, LLC;             )
3M COMPANY;                                       )      Miki Thompson
AMERICAN OPTICAL CORPORATION;                    )
CABOT CSC LLC F/K/A CABOT SAFETY                 )      JUDGE
CORPORATION;                                     )
AEARO TECHNOLOGIES LLC;                          )
RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.;        )
AND EASTERN STATES MINE SUPPLY CO.               )
                                                 )
            Defendants.                          )

                              SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

3M Company
Agent for Process:
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon, Ashley Lynch, Plaintiffs' attorney, whose
address is Post Office Box 11070, Charleston, WV 25339, an answer, including any related
counterclaim or defense you may have, to the complaint filed against you in the above styled civil
action, a true copy of which is herewith delivered to you. You are required to serve your answer within
thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to
do so, judgment by default, upon proper hearing or trial, may be taken against you for the relief
demanded in the complaint and you will be thereafter barred from asserting in another action any claim,
cross complaint or defense you may have which must be asserted in the above styled civil action.

Dated: 10/7/21

                                                        _____
                                                        CLERK OF COURT

                                18



IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

DAVID MORGAN and
STEPHANIE MORGAN            )
                           )
        Plaintiffs,        )
                           )
    v.                     )    CIVIL ACTION NO:
                           )    21-C-112
MINE SAFETY APPLIANCES COMPANY, LLC;    )
3M COMPANY;                )    Miki Thompson
AMERICAN OPTICAL CORPORATION;    )    JUDGE
CABOT CSC LLC F/K/A CABOT SAFETY    )
CORPORATION;               )
AEARO TECHNOLOGIES LLC;    )
RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.;    )
AND EASTERN STATES MINE SUPPLY CO.    )
                           )
        Defendants.        )
                           )

### SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

American Optical Corporation
**Agent for Process:**
Jeffrey A. Healey, Tucker Ellis, LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113

## IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon, Ashley Lynch, Plaintiffs' attorney, whose address is Post Office Box 11070, Charleston, WV 25339, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default, upon proper hearing or trial, may be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim, cross complaint or defense you may have which must be asserted in the above styled civil action.

Dated: 10/7/21

CLERK OF COURT

19



## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

DAVID MORGAN and )
STEPHANIE MORGAN )
)
Plaintiffs, )
)
v. )   CIVIL ACTION NO:
)   21-C-112
MINE SAFETY APPLIANCES COMPANY, LLC; )
3M COMPANY; )   Miki Thompson
AMERICAN OPTICAL CORPORATION; )   JUDGE
CABOT CSC LLC F/K/A CABOT SAFETY )
CORPORATION; )
AEARO TECHNOLOGIES LLC; )
RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.; )
AND EASTERN STATES MINE SUPPLY CO. )
)
Defendants. )

### SUMMONS

**TO THE ABOVE-NAMED DEFENDANTS:**
Cabot CSC LLC F/K/A Cabot Safety Corporation
**Agent for Process:**
Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

### IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon, Ashley Lynch, Plaintiffs' attorney, whose address is Post Office Box 11070, Charleston, WV 25339, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default, upon proper hearing or trial, may be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim, cross complaint or defense you may have which must be asserted in the above styled civil action.

Dated: 10/7/21

_____
CLERK OF COURT

20



IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

DAVID MORGAN and
STEPHANIE MORGAN                            )
                                            )
        Plaintiffs,                         )
                                            )
    v.                                      )       CIVIL ACTION NO:
                                            )
MINE SAFETY APPLIANCES COMPANY, LLC;        )       21-C-112
3M COMPANY;                                 )
AMERICAN OPTICAL CORPORATION;               )       Miki Thompson
CABOT CSC LLC F/K/A CABOT SAFETY            )       JUDGE
CORPORATION;                                )
AEARO TECHNOLOGIES LLC;                     )
RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.;   )
AND EASTERN STATES MINE SUPPLY CO.          )
                                            )
        Defendants.                         )

### SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:
Aearo Technologies LLC
Agent for Process:
Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

## IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon, Ashley Lynch, Plaintiffs' attorney, whose address is Post Office Box 11070, Charleston, WV 25339, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default, upon proper hearing or trial, may be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim, cross complaint or defense you may have which must be asserted in the above styled civil action.

Dated: 10/7/21

                                            _____
                                            CLERK OF COURT

21



IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

DAVID MORGAN and
STEPHANIE MORGAN                                    )
                                                    )
         Plaintiffs,                                )
                                                    )
v.                                                  )
                                                    )        CIVIL ACTION NO:
                                                    )
MINE SAFETY APPLIANCES COMPANY, LLC;                )         21·C-112
3M COMPANY;                                         )
AMERICAN OPTICAL CORPORATION;                       )         Thompson
CABOT CSC LLC F/K/A CABOT SAFETY                    )         _____
CORPORATION;                                        )         JUDGE
AEARO TECHNOLOGIES LLC;                             )
RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.;           )
AND EASTERN STATES MINE SUPPLY CO.                  )
                                                    )
         Defendants.                                )
                                                    )

SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

Raleigh Mine and Industrial Supply, Inc.
Agent for Process:
Judith A. Richardson
P.O. Box 72
Mount Hope, West Virginia 25880

IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon, Ashley Lynch, Plaintiffs' attorney, whose
address is Post Office Box 11070, Charleston, WV 25339, an answer, including any related
counterclaim or defense you may have, to the complaint filed against you in the above styled civil
action, a true copy of which is herewith delivered to you. You are required to serve your answer within
thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to
do so, judgment by default, upon proper hearing or trial, may be taken against you for the relief
demanded in the complaint and you will be thereafter barred from asserting in another action any claim,
cross complaint or defense you may have which must be asserted in the above styled civil action.

Dated: 10-7-21

                                                    _____
                                                    CLERK OF COURT

22



## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

DAVID MORGAN and
STEPHANIE MORGAN

   Plaintiffs,

v.

MINE SAFETY APPLIANCES COMPANY, LLC;
3M COMPANY;
AMERICAN OPTICAL CORPORATION;
CABOT CSC LLC F/K/A CABOT SAFETY
CORPORATION;
AEARO TECHNOLOGIES LLC;
RALEIGH MINE AND INDUSTRIAL SUPPLY, INC.;
AND EASTERN STATES MINE SUPPLY CO.

   Defendants.

CIVIL ACTION NO:

21-C-112

Miki Thompson
JUDGE

### SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:
Eastern States Mine Supply Company
Agent for Process:
Donna Zandlo
106 Riverview Lane
Beckley, West Virginia 25801

## IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon, Ashley Lynch, Plaintiffs' attorney, whose address is Post Office Box 11070, Charleston, WV 25339, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default, upon proper hearing or trial, may be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim, cross complaint or defense you may have which must be asserted in the above styled civil action.

Dated: 10/7/21

                    CLERK OF COURT

23

CIVIL CASE INFORMATION STATEMENT
CIVIL CASES

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

I.    STYLE OF CASE

DAVID MORGAN and wife, STEPHANIE MORGAN

v.

MINE SAFETY APPLIANCES COMPANY, LLC *et al.*

CASE # 21-C-112

JUDGE: Miki Thompson

PLAINTIFFS:

v.

| DEFENDANTS | DAYS TO ANSWER | TYPE OF SERVICE |
|---|---|---|
| Mine Safety Appliances Company<br>1000 Cranberry Woods Drive<br>Cranberry Township, PA  16066<br>**Agent for process**<br>CT Corporation<br>1627 Quarrier Street<br>Charleston, WV  25311-2124 | 30 | Secretary of State |
| 3M Company<br>**Agent for Process:**<br>Corporation Service Company<br>209 West Washington Street<br>Charleston, WV  25302 | 30 | Secretary of State |
| American Optical Corporation<br>**Agent for Process:**<br>Jeffrey A. Healey, Tucker Ellis, LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, Ohio 44113 | 30 | Secretary of State |
| Cabot CSC LLC F/K/A Cabot Safety Corporation<br>**Agent for Process:**<br>Corporation Service Company<br>251 Little Falls Drive | 30 | Secretary of State |

24

| | | |
|---|---|---|
| Wilmington, Delaware 19808 | | |
| Aearo Technologies LLC<br>**Agent for Process:**<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808 | 30 | Secretary of State |
| Raleigh Mine and Industrial Supply, Inc.<br>**Agent for Process**<br>Judith A. Richardson<br>P.O. Box 72<br>Mount Hope, West Virginia 25880 | 30 | Secretary of State |
| Eastern States Mine Supply Company<br>**Agent for Process**<br>Donna Zandlo<br>106 Riverview Lane<br>Beckley, West Virginia 25801 | 30 | Secretary of State |

Original and ___ copies of Complaint furnished herewith.
1 copy for return to Plaintiffs' counsel.

25

PLAINTIFFS:      DAVID MORGAN and STEPHANIE MORGAN
CASE NUMBER:

DEFENDANTS:      Mine Safety Appliances Company, LLC
                 3M Company
                 American Optical Corporation
                 Cabot CSC LLC f/k/a Cabot Safety Corporation
                 Aearo Technologies LLC
                 Raleigh Mine and Industrial Supply, Inc.
                 Eastern States Mine Supply Company

II.    TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|-------|-------|-------|
| □ Asbestos | □ Adoption | □ Appeal from Magistrate Court |
| □ Professional Malpractice | □ Contract | □ Petition for Modification of Magistrate Sentence |
| □ Personal Injury | □ Real Property | □ Miscellaneous Civil |
| √ Product Liability | □ Mental Health | |
| □ Other Tort | □ Appeal of Administrative Agency | |

III.   JURY DEMAND: √ Yes  □ No

       CASE WILL BE READY FOR TRIAL BY (month/year): _____

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE
       REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?
       IF YES, PLEASE SPECIFY:
       □ Yes  √ No

            □ Wheelchair accessible hearing room and other facilities
            □ Interpreter or other auxiliary aid for the hearing impaired
            □ Reader or other auxiliary aid for the visually impaired
            □ Spokesperson or other auxiliary aid for the speech impaired
            □ Other: _____

26

Ashley N. Lynch (WVSB #11714)
Guy R. Bucci (WVSB #0521)
Hendrickson & Long, PLLC
Post Office Box 11070
Charleston, West Virginia 25339
(304) 346-5500
alynch@handl.com

*Representing:*  Plaintiffs

*Dated:* _10-7-2021_

_____
*Signature*

27